IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARNICSHA MILLER, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 13 C 9257<br>) |
| CITY OF HARVEY, et al., | ) Judge Virginia M. Kendall<br>) |
| Defendants. | )<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Karnicsha Miller, on behalf of herself and her children, brought the instant five-count third amended complaint on March 30, 2015, alleging that Defendant Officers Anderson Davies, O'Shay Rife, Anthony Sinnott, Hal Bischoff, Scott Donovan, and the City of Harvey violated her civil rights pursuant to 42 U.S.C. § 1983 when Davies shot her dog while in pursuit of a suspect in an unrelated incident. (Dkt. No. 77.) Specifically, Miller's third amended complaint contains five claims stemming from the shooting: illegal seizure of property in violation of the Fourth Amendment (Count I), failure to intervene in violation of the Fourth Amendment (Count II), intentional infliction of emotional distress under Illinois state law (Count III), a *Monell* claim against Harvey, *see Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (local governments may be sued for constitutional deprivations caused by governmental custom) (Count IV), and an Illinois state law claim of indemnification pursuant to 745 ILCS § 10/9-102 (Count V). The Defendants now move the Court for partial summary judgment on Miller's *Monell* claim pursuant to Federal Rule of Civil Procedure 56(a). Because the record is devoid of any evidence demonstrating that a policy or custom instituted by Harvey

is to blame for the shooting of Miller's dog, and for the reasons that follow, the Court grants the Defendants' motion for summary judgment (Dkt. No. 100) on Count IV of Miller's third amended complaint.

## BACKGROUND

As a preliminary matter, the Court notes that both parties failed to comply with Northern District of Illinois Local Rule 56.1 when responding to the other party's factual statements. Local Rule 56.1(b)(3)(B) requires parties to file responses to "each numbered paragraph in the [opposing] party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (quoting L.R. 56.1(b)(3)(B)). The purpose of Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts pertinent to the resolution of the case. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (finding Rule 56.1 statements incompliant when they fail to adequately cite the record). The Court may disregard statements and responses that do not properly cite the record, *see Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809-10 (7th Cir. 2005), and the requirements for responses under the Rule are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000). Here, both Miller and the Defendants are guilty of disputing material facts posed by the other without supporting their disputes with citations to the record. (Pl. 56.1 Resp. ¶¶ 7-8; Def. 56.1 Resp. ¶¶ 4-7, 9, 11-12, 16, 18-19, 28, 30-31.) The Court therefore deems admitted those facts which are disputed without evidentiary support. *See Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 648-49 (7th Cir. 2014) ("it is within the district court's discretion to strictly enforce local rules regarding summary judgment").

The following facts are undisputed unless otherwise noted. On December 30, 2012, Miller lived in Harvey, Illinois. (Def. 56.1 St. ¶ 1.) On that same date, Davies was in Miller's backyard while pursuing a suspect in an unrelated matter. (Pl. 56.1 St. ¶¶ 1-2.) While Davies was in the backyard, Miller's ten-week old dog went outside. (Pl. 56.1 St. ¶¶ 3-4.) Miller's dog never acted aggressively toward, made contact with, or injured Davies. (Pl. 56. 1 St. ¶¶ 6-8.) Despite the dog's placid demeanor, Davies shot him when he was several feet away. (Pl. 56.1 St. ¶¶ 3, 9.) Neither Davies nor any other Harvey police officer administered aid to the dog while simultaneously preventing any civilian on scene from helping the dog. (Pl. 56.1 St. ¶¶ 10-11.) The dog eventually died in Miller's backyard due to blood loss from the bullet wound. (Pl. 56.1 St. ¶¶ 12-13.)

Prior to the events underlying Miller's claims, Davies was a defendant in a different proceeding in this District. (Pl. 56.1 St. ¶ 14; *see Johnson v. City of Harvey*, No. 10 C 730.) The plaintiff in that litigation alleged that Davies violated his civil rights pursuant to 42 U.S.C. § 1983 in the course of a traffic stop. (*Johnson* Dkt. No. 1, ¶¶ 8-12.) Pertinently, the plaintiff levied claims of unreasonable seizure of his person, false arrest, and excessive force against Davies and a number of other Harvey police officers. (Pl. 56.1 St. ¶ 15.) The *Johnson* litigation settled approximately four months after it was originally filed in 2010, after the defendants in that case answered Johnson's complaint but before the court set a discovery schedule. (Pl. 56.1 St. ¶ 16; *Johnson* Dkt. Nos. 15, 18.) Davies was unaware of the *Johnson* litigation until his deposition for this case. (Pl. 56.1 St. ¶ 17.) Harvey did not question or discipline Davies regarding the *Johnson* litigation. (Pl. 56.1 St. ¶¶ 18-19, 22.) Davies's personnel file does not include any documentation concerning the *Johnson* litigation or its underlying facts. (Pl. 56.1 St. ¶¶ 20-21.) Similarly, Davies was not disciplined for his conduct underlying the instant case and

his personnel file lacks any documentation concerning this litigation. (Pl. 56.1 St. ¶¶ 24-27.) Harvey did not investigate Davies's shooting of Miller's dog. (Pl. 56.1 St. ¶ 29.) Davies has, however, been disciplined for other incidents including failing to write reports, improperly conducting investigations, and car accidents. (Pl. 56.1 St. ¶ 23; Dkt. No. 106, Pl. Ex. G.) Davies's past misconduct has resulted in sanctions including written reprimands and suspensions. (Dkt. No. 100-3, Davies Dep. at 15-19; Pl. Ex. G.)

## **LEGAL STANDARD**

Summary judgment is appropriate where the admissible evidence shows that no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A 'material fact' is one identified by the substantive law as affecting the outcome of the suit." *Bunn v. Khoury Enters., Inc.,* 753 F.3d 676, 681 (7th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "A 'genuine issue' exists with respect to any such material fact, and summary judgment is therefore inappropriate, when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bunn,* 753 F.3d at 681–82 (citing *Anderson,* 477 U.S. at 248). Conversely, "where the factual record taken as a whole could *not* lead a rational trier of fact to find for the nonmoving party, there is nothing for a jury to do." *Bunn,* 753 F.3d at 682 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (emphasis in original)).

In determining whether a genuine issue of material fact exists, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *See Bunn,* 753 F.3d at 682 (citing *Anderson,* 477 U.S. at 255); *see also Kvapil v. Chippewa County, Wis.,* 752 F.3d 708, 712 (7th Cir. 2014). However, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment." *Anderson,* 477 U.S. at 248 (emphasis in original). Summary judgment will be granted against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto,* 712 F.3d 1166, 1167 (7th Cir. 2013). With these standards in mind, the Court addresses the Defendants' motion.

## DISCUSSION

In Count IV of her third amended complaint, Miller brings a *Monell* claim against Harvey, alleging that Davies's conduct in shooting her dog was committed due to *de facto* policies of (1) failing to investigate Davies's misconduct; (2) failing to maintain accurate records of Davies's misconduct; and (3) failing to discipline Davies for misconduct. (Dkt. No. 77 ¶ 56(a-c).) A municipality or local government cannot be liable under 42 U.S.C. § 1983 unless the underlying constitutional deprivation is caused by a municipal custom or practice. *See Monell*, 436 U.S. at 658; *see also Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) (misbehaving employees are responsible for their own conduct and units of local government may only be held liable under § 1983 "for constitutional violations caused by the municipality itself through its own policy or custom"). To recover under *Monell*, Miller must establish that (1) she suffered a deprivation of a constitutional right; (2) as a result of either an express municipal policy, widespread practice that is so permanent and well-settled as to constitute a custom with the final force of law, or deliberate act of a decision-maker with final policymaking authority for Harvey; which (3) was the proximate cause of her injury. *See King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014); *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007).

Harvey does not dispute that a reasonable jury could conclude that Miller suffered the deprivation of a constitutional right when Davies shot her dog; instead, it argues that Miller has

failed to present evidence of a policy or practice that caused the deprivation. *See* Dkt. No. 102 at 2; *see also Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008) (the killing of a companion dog constitutes a "seizure" within the meaning of the Fourth Amendment). Here, Miller contends that the second avenue for affixing *Monell* liability applies, in that Harvey's *de facto* custom of failing to investigate and discipline Davies's misconduct in the past effectively caused the shooting of her dog. *See* Dkt. No. 77 at ¶ 56; *King*, 763 F.3d at 649. Miller argues that Harvey's "practice of failing to discipline, or even investigate, Davies' alleged misconduct is so well-settled as to have the force of law." (Dkt. No. 104 at 4.) Miller fails to satisfy her burden at this stage, however, because (1) the record establishes only that Davies was named a defendant in a prior Section 1983 case, not that he actually committed any misconduct or that Harvey condoned any misconduct; (2) even accepting that Davies was guilty of misconduct in the *Johnson* case and that Harvey was obligated and failed to investigate him, Miller has not presented evidence of the widespread practice necessary to hold a municipality liable for an employee's conduct; and (3) Davies's own personnel file demonstrates that Harvey has not turned a blind eye to his misconduct and consistently disciplined him in the past. Because Miller has not established that Harvey's customs or policies caused the shooting of her dog, even when construing all reasonable inferences in her favor, she cannot succeed on her *Monell* claim against Harvey and the Court grants summary judgment on that count in the Defendants' favor. *See King*, 763 F.3d at 649.

Miller argues that Harvey is liable for Davies's conduct in shooting her dog because it failed to investigate or discipline Davies for "constitutional violations against citizens" in the past (Dkt. No. 104 at 4.) Establishing *Monell* liability based on evidence of inadequate supervision requires proof of "deliberate indifference" on behalf of the local government. *See*

*City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Relevant to this proceeding, this proof can take the form of a "failure to act in response to repeated complaints of constitutional violations by its officers." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029-30 (7th Cir. 2006). Miller points to only one article of evidence as support for her proposition that Harvey has condoned Davies's misconduct in the past: an unrelated civil rights suit levied against Davies and a number of other Harvey police officers that Davies did not know about and that was not in Davies's personnel file. *See* Dkt. No. 104 at 5 (Harvey's "failure to discipline, investigate, or even document Davies' actions in *Johnson* resulted in him violating Ms. Miller's rights because he knew, consciously or subconsciously, that he would not face repercussions for his actions.").

Miller's proffered evidence concerning Davies's involvement in the *Johnson* litigation is insufficient to survive summary judgment on her *Monell* claim for a number of reasons. First, there is no evidence in the record before the Court that Davies actually engaged in misconduct in the *Johnson* case. While that case involved allegations of false arrest and excessive force by Davies and a number of other Harvey police officers, the case settled soon after its filing with no acknowledgement of guilt or liability by the defendants there. *See Johnson*, No. 10 C 730, Dkt. No. 18. "The mere fact that a case settled out of court is not an indication of wrongdoing by any party to the settlement." *Am. Med. Ass'n v. 3Lions Publ'g, Inc.*, No. 14 C 5280, 2015 WL 1399038, at *5 (N.D. Ill. Mar. 25, 2015) (Kendall, J.); *see also, e.g.*, *Kritikos v. Palmer Johnson, Inc.*, 821 F.2d 418, 423 (7th Cir. 1987) (Federal Rule of Evidence 408 makes inadmissible statements made during settlement negotiations in part because "settlement negotiations will be inhibited if the parties know that their statements may later be used as admissions of liability."). There is accordingly no evidence of constitutional misconduct that would necessitate intervention by Harvey emanating from the *Johnson* litigation. *See Thompson*

*v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994) ("if a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point") (citation and internal annotations omitted). Because there is no evidence in the record that Davies violated the constitutional rights of another citizen in *Johnson*, there is correspondingly no evidence that Harvey failed to investigate Davies's misconduct in that instance.

Even accepting both that Davies violated a citizen's civil rights in *Johnson* and that Harvey was obligated yet failed to investigate or discipline Davies for that misconduct, *see Spierer v. Rossman*, No. 14-3171, 2015 WL 4772835, at *4 (7th Cir. Aug. 14, 2015) (courts draw all inferences in the light most favorable to the non-moving party when reviewing summary judgment motions), Miller's *Monell* claim nevertheless fails because she has not presented evidence or support demonstrating the required regularity and frequency of conduct by a municipality for *Monell* liability to attach. Miller contends that Harvey's practice of failing to discipline Davies is "so well-settled as to have the force of law," but she points to only one other instance of potential misconduct that went unaddressed by Harvey. Evidence of this single event, even when coupled with the instant allegations, is insufficient to defeat summary judgment. *See Palka v. City of Chicago*, 662 F.3d 428, 435 (7th Cir. 2011) ("two alleged instances of discrimination do not constitute a widespread pattern or practice sufficient to subject the City to liability"); *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) ("[T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, expect that it must be more than one instance, or even three." (quotation marks and citation omieed)); *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005) ("[Three] incidents do not amount to a widespread practice that is permanent and well settled so as to constitute an

unconstitutional custom or policy about which the sheriff was deliberately indifferent." (quotation marks omitted); *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002) ("three incidents were too few to indicate that the City had a widespread custom of which City policymakers had reason to be aware"). Here, Miller presented only one incident aside from the instant allegations as support for her *Monell* claim. Even when drawing all reasonable inferences in her favor, this isolated incident is inadequate to show that "there is a true municipal policy at issue, not a random event." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). Accordingly, her *Monell* claim fails as a matter of law and the Court grants summary judgment on Count IV of Miller's third amended complaint in favor of the Defendants.

Finally, Miller's contention that Harvey emboldened Davies by failing to discipline in the past is belied by his personnel file. As Miller concedes, Harvey disciplined Davies multiple times in the past for improperly writing reports, inappropriately conducting investigations, and car accidents attributable to him. *See* Pl. Ex. G. This discipline resulted in sanctions including written reprimands and suspensions. *See* Davies Dep. at 15-19; Pl. Ex. G. Although these events did not concern alleged constitutional violations, Harvey's handling of Davies's misconduct and subsequent punishments casts further doubt on Miller's contention that Harvey's lax treatment of Davies instilled in him an attitude of invincibility and immunity to reprimand. Because Miller has not established that Harvey maintains a widespread practice of condoning Davies's misconduct, she is unable to satisfy the threshold requirements for *Monell* liability to attach. *See Palka*, 662 F.3d at 435. The Court therefore enters summary judgment in favor of the Defendants on Miller's *Monell* claim.

## **CONCLUSION**

For the reasons stated herein, the Court grants the Defendants' motion for summary judgment.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 8/31/2015